## S93A1234. COCKRELL v. BROWN.
### (433 SE2d 585)

SEARS-COLLINS, Justice.

OCGA § 42-8-34.1 (b) provides, in part, that

[a]t any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, . . . the court

may revoke the balance of probation or not more than two years in confinement, whichever is less.

After Cockrell's probation revocation hearing, the trial court ordered Cockrell to serve six months in jail for each of the seven probation violations found,[1] none of which was a felony, for a total of three and one-half years. That order violates the plain words of § 42-8-34.1 (b), which limits confinement for probation revocation to no more than two years. Therefore, we hereby vacate the judgment and remand this case to the trial court for resentencing to a term no greater than two years.

*Judgment vacated and case remanded for resentencing. All the Justices concur.*

DECIDED SEPTEMBER 13, 1993.

*Roger A. Baruch,* for appellant.

*H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney, Whitehurst, Cohen & Blackburn, R. Bruce Warren,* for appellee.

---

[1] The trial court found that Cockrell had violated the following provisions of his probation: 1) avoid injurious and vicious habits; 2) regularly report to the probation supervisor as directed and permit such supervisor to visit him at home or elsewhere; 3) do not change present place of abode, move outside the jurisdiction of the court or leave the state for any period of time without prior permission of the probation supervisor; 4) pay a probation fee of $10 per month; 5) pay a fine of $500; 6) reimburse county for expenses incurred in appointment of court appointed counsel; and 7) make restitution to victim in the amount of $354.