## A95A0270. GORDON v. THE STATE.
(456 SE2d 761)

BIRDSONG, Presiding Judge.

Jimmy Lee Gordon appeals the revocation of his probation and the ordering in execution of his sentence to confinement for two years, eight months, and fifteen days. Gordon alleges that the evidence presented was insufficient to prove by a preponderance of the evidence that he committed the offense of theft by deception. He also contends that as his probation was revoked because of a new misdemeanor offense, the trial court erred by sentencing him to more than two years of confinement. *Held*:

1. Based upon our review of the transcript of the evidence at the hearing on whether Gordon's probation should be revoked, and in particular Gordon's presentation of a stolen lottery ticket, receipt of a money order, and procuring another to cash the money order under circumstances which show that he knew or should have known the lottery ticket was stolen, we are satisfied that the evidence was sufficient to establish by a preponderance of the evidence that Gordon committed the offense of theft by deception. OCGA § 42-8-34.1 (a); *Riggins v. State*, 206 Ga. App. 239, 240-241 (424 SE2d 879). Accordingly, the decision to revoke Gordon's probation is affirmed.

2. Nevertheless, we must reverse Gordon's sentence to confinement because it exceeded the two-year limitation in OCGA § 42-8-34.1 (b) on the period of confinement which may be ordered executed when probation is revoked because of a new misdemeanor. *Cockrell v. Brown*, 263 Ga. 345, 346 (433 SE2d 585). We vacate the sentence and remand the case to the trial court for re-sentencing to a term of confinement no greater than that specified in OCGA § 42-8-34.1 (b).

3. Although the State contends that the sentence is valid because OCGA § 42-8-34.1 is an unconstitutional limitation on the inherent powers of the courts, this issue was raised for the first time on appeal and was not properly raised and preserved in the trial court. Therefore, it is not reviewable and does not remove this appeal from our jurisdiction. *Harper v. State*, 213 Ga. App. 611, 612 (445 SE2d 300); *Dye v. State*, 205 Ga. App. 781 (423 SE2d 713).

*Judgment affirmed in part and vacated in part with direction. Johnson and Smith, JJ., concur.*

DECIDED APRIL 10, 1995.

*Farless & Newton, William H. Newton III*, for appellant.
*Stephen F. Lanier, District Attorney, Tambra P. Colston, Assis-*

*tant District Attorney,* for appellee.