## S95A1530. GEARINGER v. LEE.
(465 SE2d 440)

HUNSTEIN, Justice.

Calvin Lee's probation was revoked on the basis that he violated a special condition of his probation, in that he disobeyed the rules and regulations of the detention center where he had been sent. The revocation court ordered Lee to jail to serve the remainder of his sentence on his theft by conversion charge and to serve five years on his possession of cocaine charge. The habeas court, construing OCGA § 42-8-34.1, found that the maximum time Lee's sentence could be revoked was one year. Warden Gearinger appeals from that order. Pretermitting the issue whether the matter presented by Lee's habeas corpus petition rose to the level of a constitutional deprivation so as to provide a basis for the granting of habeas relief, we hold that the habeas court erroneously construed OCGA § 42-8-34.1 (c) and reverse its order.

The facts are uncontroverted. Lee pled nolo contendere to theft

by conversion and pled guilty to possession of cocaine and was sentenced to five years probation on the theft charge and ten years probation on the possession charge. Lee's probation was thereafter modified and he was remanded to a detention center by an order that set forth as a "Special Condition of his probation," inter alia, that Lee obey "any and all rules, regulations, and policies" of the center and specified that "any non-compliance with the Conditions of Probation Order and/or rules of the [detention center] will be considered sufficient cause to warrant disciplinary action and/or revocation." Within two months of the court's order, one of Lee's detention center counselors filed a petition for revocation of probation against him, alleging Lee violated four disciplinary infraction code provisions.[1] The violations alleged were not felony offenses. After a hearing in which the court found that Lee had violated the conditions of his probation in the manner set forth in the petition, the court revoked Lee's probation in both charges and ordered him to serve in jail the remainder of his sentence on the theft charge and the next five years of his sentence on the possession charge, with the balance of the time remaining on the latter sentence to be served on probation.

In a subsequent habeas corpus proceeding, the habeas court held that because Lee violated a special condition of his probation by disobeying the detention center's rules, the revocation court was limited to the periods of time which could have been revoked as provided by OCGA § 42-8-34.1 (c). The habeas court then found that one of the rules Lee disobeyed would amount to the misdemeanor offense of using obscene or fighting words, OCGA § 16-11-39, which has a one-year maximum sentence, and held that the revocation court upon resentencing could revoke no more than the lesser of the balance of Lee's probation or the maximum time of one year.

1. The habeas court correctly concluded that OCGA § 42-8-34.1 (c) was the applicable provision governing the revocation of Lee's probation. OCGA § 42-8-34.1 provides in pertinent part:

> (b) At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension *other than by commission of a new felony offense,* the court shall consider the use of alternatives . . . to confinement . . . . In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less.

---

[1] The petition alleged that Lee violated four detention center rules by committing insubordination; verbally threatening a correctional officer; failing to follow instructions; and using obscene words.

(c) If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense *or the violation of a special condition* imposed pursuant to this Code section, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

(Emphasis supplied.)

Lee's probation was explicitly conditioned upon the special stipulation that he comply with the detention center rules and regulations. Although Lee did not commit "a new felony offense" by his failure to obey the detention center rules, id. at (b), his infraction of those rules did constitute a "violation of a special condition" of his probation. Id. at (c). Because OCGA § 42-8-34.1 (c) applies "notwithstanding any other provision of law," its provisions control in the instant case.[2]

2. Warden Gearinger contends the habeas court erred by limiting the length of Lee's probation revocation for the violation of the special condition in this case to one year. We agree.

Under OCGA § 42-8-34.1 (c), a probation violation can result from "the commission of a felony offense *or* the violation of a special condition." (Emphasis supplied.) The natural meaning of "or," where used as a connective, is " 'to mark an alternative and present choice, implying an election to do one of two things . . . .' " *Ga. Paper Stock Co. v. State Tax Bd.*, 174 Ga. 816, 819 (164 SE 197) (1932). While the word "or" can be interpreted either as a disjunctive term or as a reiterative term, *Whitaker v. State*, 11 Ga. App. 208, 211 (5) (75 SE 258) (1912), where a legislative provision is phrased in the disjunctive, it must be so construed absent a clear indication that a disjunctive construction is contrary to the legislative intent. *Cobb v. McCrary*, 152 Ga. App. 212 (3) (262 SE2d 538) (1979).

Applying the rules of statutory construction, we hold that the use of the disjunctive in OCGA § 42-8-34.1 (c) indicates that violation of probation can result from two separate, alternative possibilities: the commission of a felony offense or the violation of a special condition. Thus, it was not necessary for the habeas court to find Lee's violations of the detention center rules to be comparable to the commission of a criminal offense of any nature, in order to conclude that Lee had violated his probation.

---

[2] Because OCGA § 42-8-34.1 (b) did not serve as the basis for the habeas court's ruling, we will not here address the warden's enumeration challenging dicta in the habeas court's order regarding the interpretation to be given subsection (b).

Nor was it necessary for the habeas court to liken Lee's violation of a special condition of his probation to a criminal offense in order to determine the amount of probation that could be revoked under OCGA § 42-8-34.1 (c). Under that subsection, upon the commission of a felony offense or the violation of a special condition, the revocation court is authorized to revoke "no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation." Id. However, where, as here, the violation of probation results solely from infraction of a special condition and not from commission of a felony offense, the revocation court is not called upon to weigh the "lesser of the balance of the probation" against the "maximum time of the sentence" authorized for the committing of a felony offense since there is no such "maximum time of the sentence" to factor into the equation. Instead, under such circumstances the revocation court is authorized by OCGA § 42-8-34.1 (c) to revoke no more than the balance of a defendant's probation.

A review of the revocation court's order reveals that it required Lee to serve in jail the balance of the sentence on the theft charge and five of the ten-year sentence on the cocaine possession charge. The revocation court's order thus comported with OCGA § 42-8-34.1 (c) and the habeas court erred by ordering Lee to be resentenced.

*Judgment reversed. All the Justices concur.*

### DECIDED JANUARY 22, 1996.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellant.

Calvin Lee, *pro se.*