## S96A0300. MANVILLE v. HAMPTON.
(471 SE2d 872)

SEARS, Justice.

The State appeals from the order of the habeas corpus court granting relief to Petitioner. We find that the habeas court incorrectly ruled that the revocation of the full balance of Petitioner's probation violated the provisions of OCGA § 42-8-34.1 (c), and that under our ruling in *Gearinger v. Lee*,[1] the trial court was authorized to revoke the full balance of Petitioner's probation upon finding that he had both violated a special condition of probation and committed a felony. Therefore, we reverse. We also note that due to problematic language in OCGA § 42-8-34.1 (c), the statute is highly susceptible to unintended results due to misapplication by well-intentioned courts, and we urge the legislature to reexamine the statute at its earliest opportunity.

Petitioner was convicted of two counts of selling cocaine, and parts of the sentences imposed were probated. As a special condition of such probation, Petitioner was ordered to pay both a court-imposed fine in equal periodic increments, and a monthly probation supervision fee.

In 1993, the balance remaining on Petitioner's probated sentences was revoked, based upon the revocation court's finding that Petitioner had (1) violated the special conditions imposed on his pro-

---

[1] 266 Ga. 167 (465 SE2d 440) (1996).

bation by failing to make payments as directed, or to make sufficient bona fide efforts to pay, and (2) violated a general condition of probation by committing the offense of felony theft by taking.[2] The court ordered the revocation of the balance of petitioner's probated sentence — approximately 23 years. Subsequently, the habeas court found that the revocation of the full balance of Petitioner's probated sentences violated OCGA § 42-8-34.1 (c), and ordered that the revocation sentence be limited to the maximum penalty for felony theft by taking — ten years.

1. The availability of habeas corpus relief is conditioned upon proof of a substantial denial of a petitioner's rights under either the United States or Georgia Constitutions in the proceeding which resulted in conviction.[3] We conclude that in this case, unlawful confinement under a sentence longer than that permitted by state statute would constitute a denial of liberty without due process of law.[4] Moreover, such confinement would result from the administration of the sentence imposed by the trial court upon conviction. Accordingly, Petitioner may seek relief under the Great Writ.

2. OCGA § 42-8-34.1 (c) provides that:

[At any probation revocation hearing], if the violation of probation or suspension alleged and proven by a preponderance of the evidence . . . is the commission of a felony offense or the violation of a special condition issued pursuant to this Code section, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

As made clear by the statutory language quoted above, the revocation of probation under OCGA § 42-8-34.1 (c) can result from two separate possibilities — the commission of a felony or the violation of a special condition.[5] In those cases, the revocation court may revoke only the lesser of (1) the full amount of the probated sentence, or (2) the maximum sentence permitted for the felony offense committed.

In *Gearinger v. Lee*, we recently construed subsection 42-8-34.1 (c) to mean that where probation is revoked solely for the violation of a special condition, and not for a felony offense, the revocation court

---

[2] Petitioner was later convicted and sentenced for misdemeanor theft by taking.

[3] OCGA § 9-14-42.

[4] See *Shoemake v. Whitlock*, 226 Ga. 771, 772 (177 SE2d 677) (1970) (due process includes the administration of general laws according to established rules); *Norman v. State*, 171 Ga. 527 (156 SE 203) (1930) (same).

[5] See *Gearinger v. Lee*, 266 Ga. 167, 169 (465 SE2d 440) (1996).

need not determine the lesser of the remaining probated sentence or the maximum penalty for the felony committed.[6] In *Gearinger*, we held that when probation is revoked solely for the violation of a special condition, "the revocation court is authorized by section 42-8-34.1 (c) to revoke no more than the balance of a defendant's probation."[7] This case is unlike *Gearinger*, though, because Petitioner's probation was revoked due to both the violation of a special condition *and* the commission of a felony.

For that same reason, this case also is unlike the scenario contemplated by subsection 42-8-34.1 (c), because the statute discusses alternative bases for revocation (the commission of a felony *or* the violation of a special condition), rather than the dual bases that exist here (the commission of a felony *and* the violation of a special condition). We find that our decision in *Gearinger*, supra, authorizes a revocation court, when faced with a probationer who has both violated a special condition *and* committed a felony, to dispose of a probationer as having either violated a special condition or committed a felony. In the latter instance, when disposing of the probationer for the commission of a felony, the revocation court would be authorized to proceed as directed under OCGA § 42-8-34.1. In the former instance, when disposing of the probationer for having violated a special condition, the revocation court is authorized by our decision in *Gearinger*, supra, to revoke the balance of probation. Accordingly, the revocation court in this case, when faced with Petitioner, who both committed a felony and violated a special condition, did not err in revoking the balance of the probated sentence. It follows that the habeas court's order reversing the revocation court was in error, and is hereby reversed.

To rule otherwise would lead to absurd results, and we cannot construe statutes in that manner.[8] Were we to affirm the habeas court, we would rule that Petitioner, who in separate actions both committed a felony and violated a special condition, could only have ten years revoked from his 23 year probated sentence. On the other hand, under *Gearinger*, the probationer who merely violates a special condition, which can be as minor an infraction as using obscene words,[9] is subject to having his entire probated sentence revoked, regardless of its length.

Hence, under the habeas court's ruling, had Petitioner in this case merely failed to make court-ordered payments as directed, the revocation court would have been authorized to revoke his entire 23-year probated sentence; but because Petitioner also committed a fel-

---

[6] Id., 266 Ga. at 170.

[7] Id.

[8] *State of Ga. v. Mulkey*, 252 Ga. 201, 204 (312 SE2d 601) (1984).

[9] *Gearinger*, 266 Ga. at 168, n. 1.

ony, the revocation court could revoke only ten years of the 23-year probated sentence. Under such reasoning, the Petitioner actually benefits from having committed felony theft by taking, rather than simply violating a special condition. We cannot countenance such a nonsensical result, and our duty to construe all statutes so as to avoid absurd or unintended consequences prevents us from doing so here.

3. The situation discussed in the preceding paragraph highlights the fact that misapplications of OCGA § 42-8-34.1 (c) are likely to result in consequences not intended by the legislature. Our ruling in Division 2 now prevents unintended and illogical results stemming from misapplication of the statute when a probationer commits a felony and violates a special condition, and the felony penalty is less then the balance of probation. However, the same unintended and illogical result as reached by the habeas court in this case still can occur when a probationer only commits a felony, and the remaining probated sentence is greater than the maximum felony penalty.

On the other hand, the probationer who commits a felony, whose remaining probated sentence is less than the maximum penalty for the felony, may only have the balance of his probation revoked under the statute. This last scenario would seem to be logical, as a revocation court has no authority to revoke more than the remaining probated sentence, and we believe that it was this situation that the legislature had in mind when it promulgated § 42-8-34.1 (c).

However, this single logical result is entirely inconsistent with the illogical results discussed above. It would seem that a logical statutory scheme regarding probation revocation might provide that the commission of a felony, standing alone, carries a greater penalty than the mere violation of a special condition, and a lesser penalty than the commission of a felony combined with the violation of a special condition. Accordingly, we urge the legislature to examine OCGA § 42-8-34.1 (c) in all of its possible applications and misapplications, consider the unintended consequences that could result from such applications and misapplications, and to rectify the statute's problematic aspects as soon as possible.

*Judgment reversed. All the Justices concur, except Benham, C. J., and Hunstein, J., who dissent.*

BENHAM, Chief Justice, dissenting.

I respectfully dissent. Hampton, who was convicted of two counts of selling cocaine, served a portion of the sentences, then was released to serve the remaining twenty-three years of the sentences on probation. After Hampton violated a special condition of his probation (failing to make payments on an assessed fine and supervision fee) and committed felony theft by taking, the trial court ordered the balance of Hampton's probation revoked. On habeas corpus, the court

reversed, and the majority holds that the habeas court incorrectly ruled that the revocation of the full balance of Hampton's probation violated the provisions of OCGA § 42-8-34.1 (c). I disagree.

OCGA § 42-8-34.1 (c) provides that if the violation of probation is the commission of a felony offense or the violation of a special condition, the court may revoke no more than the lesser of the balance of probation or the maximum penalty allowed by law for the felony. The majority holds that under this Court's opinion in *Gearinger v. Lee*, 266 Ga. 167, 170 (465 SE2d 440) (1996), the trial court was authorized to revoke the full balance of Hampton's probation upon finding that he had violated both a special condition of probation and had committed a felony. However, *Gearinger* is inapplicable here because the basis for revocation in *Gearinger* solely involved the violation of a special condition rather than both the violation of a special condition and the commission of a felony.

Applying the literal wording of the statute means that the trial court in the instant case was only authorized to revoke Hampton's probation for the *lesser* of the remaining length of the probated term (twenty-three years) or the maximum penalty for felony theft by taking (ten years). Concededly, if Hampton had solely failed to pay his fine, the trial court would have been authorized to revoke the remaining length of his probated term, 23 years. Although we may disagree with this result, there do exist rational reasons for the legislature's enactment of such a statute. In revoking the amount of the maximum penalty for the felony offense committed, the state effectively "convicts" the defendant of the felony offense without going through the time and expense of a trial. See *Sellers v. State*, 107 Ga. App. 516, 518 (130 SE2d 790) (1963). The state also has a lesser burden of proof: it must only show that the defendant committed the offense by a preponderance of the evidence versus the beyond a reasonable doubt standard applicable at trial. OCGA § 42-8-34.1 (a); *State v. Jones*, 196 Ga. App. 896 (397 SE2d 209) (1990). Further, the defendant in a revocation proceeding, unlike at trial, is not entitled to appointed counsel. *Mercer v. Hopper*, 233 Ga. 620 (212 SE2d 799) (1975).

In revoking the remaining term of probation for violation of a special condition, the legislature may have viewed the contractual obligation between the state and the defendant as one of utmost importance: the obligation that the state would "grace" the defendant with the opportunity to serve the remaining portion of his sentence on probation and the defendant would, in return, serve probation in adherence to the special conditions, which by their nature have been tailored specifically to the defendant. The legislature could have viewed the special conditions important enough that if they are violated and the contract between the state and the defendant is thereby broken,

the trial court would be authorized to take away entirely the privilege of probation (see *Scott v. State*, 131 Ga. App. 504 (206 SE2d 137) (1974)), and to revoke the entire remaining portion.

This Court's duty is to interpret the laws enacted by the legislature. The majority opinion does not interpret the challenged statute; it changes it. It is not this Court's domain to change or alter the laws to effect what we view as a more desirable result, which may not be the result intended by the legislature. Although we may disagree with the result obtained from applying the statute, this Court may not question the wisdom of the legislature in enacting the statute. See *Gaines v. Wolcott*, 119 Ga. App. 313 (167 SE2d 366) (1969). There are rational reasons for its enactment, and the result, although perhaps not desirable, is not absurd.

The result may not be what we would prefer, but there are reasons, such as those enumerated above, which do present a rational basis for the legislature's doing so. If the legislature did not intend this result, it of course has the authority to rewrite the statute to effect its intent. See *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 411 (395 SE2d 809) (1990). District attorneys may also change their probation revocation procedures to effect their intent. If the state chooses to bring a single revocation proceeding for two separate acts, then the revocation court is constrained to follow the statute. In a case such as this one, the state could avoid the limiting effect of the statute by initiating a revocation action based solely on the violation of the special condition, and subsequently prosecuting the felony offense. Of course, the state is then subjected to the expense of trial and all the other factors not associated with a revocation proceeding which were enumerated above.

For the foregoing reasons, I respectfully dissent. I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JULY 1, 1996.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General*, for appellant.

Norman Hampton, *pro se*.