A97A1695. LAWRENCE v. THE STATE.
(492 SE2d 727)

BEASLEY, Judge.

Finding Jeffrey Lawrence had not met the terms of his probation and had committed two new violent misdemeanors, the court revoked the remaining four and one-half years of his probation. Lawrence appeals on the ground that OCGA § 42-8-34.1 (b) limits to two years the amount of probation a court may revoke. But where one basis for revoking probation is the failure to comply with "a special condition imposed pursuant to [OCGA § 42-8-34.1]," the two-year limit does not apply. OCGA § 42-8-34.1 (c). Because the trial court based the length of revocation on multiple grounds, the case is remanded with direction to reconsider the length.

On August 16, 1996, Lawrence pled guilty to terroristic threats (OCGA § 16-11-37), criminal damage to property (OCGA § 16-7-23), and criminal trespass (OCGA § 16-7-21). The court sentenced him to five years probation. General conditions of probation (e.g., do not violate criminal laws, report to probation supervisor as directed, etc.), as well as specific additional conditions, were imposed. The latter included 90 days of service in a work release program, no consumption of alcohol, and payment of $25 per week to pay off a $650 fine, $858.03 restitution, and a $20 monthly probation fee.

Five months later, the State petitioned the court to revoke probation on the grounds that Lawrence had violated two general conditions by twice committing the offense of battery and by failing to report to the probation officer following his completion of work release. The second ground was later abandoned. The State further alleged Lawrence had violated a "special condition" by failing to make the court-ordered payments.

At the hearing, Lawrence stipulated to the two battery offenses, and the probation officer testified Lawrence had not made the payments. The court found he had failed to meet the conditions as

alleged in the petition and further found that he had committed new violent misdemeanors. The court ordered him to serve the balance of his sentence in the State penal system. See OCGA § 17-10-1 (a) (3) (A).

Lawrence moved the court to reconsider, arguing that OCGA § 42-8-34.1 (b) prohibited revocation of more than two years of his probation. The State responded that, based on OCGA § 42-8-34.1 (c) and *Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996), the violation of the special condition authorized the court to revoke the remainder of probation even though it exceeded two years. During the hearing and in its order denying the motion, the court explained that in revoking the balance it had not relied upon any provision of OCGA § 42-8-34.1, but had relied upon OCGA § 17-10-1 (a) (3) (A) and its finding of new violent misdemeanor offenses.

OCGA § 42-8-34.1 (b) provides: "At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to [prison confinement]. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less." (The words "in confinement" are an inapt and confusing appendage, for what is revoked is a period of probation, not a period of confinement. Confinement is what is ordered as a *result* of revocation.)

According to the statute, when the sole basis for revoking probation is the commission of a new misdemeanor, whether violent or not, the cap is two years. See *Gordon v. State*, 217 Ga. App. 271 (2) (456 SE2d 761) (1995). But when a special condition provided for in OCGA § 42-8-34.1 (d) is contravened, subsection (c) allows the court to revoke the entire balance of probation even if greater than two years. See *Manville*, supra, 266 Ga. at 858-860 (2); *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996). In *Manville*, the probationer committed felony theft (violation of a general condition), and he failed to make payments as directed (violation of a qualifying special condition). Because of the breach of the special condition, the Supreme Court upheld the revocation of the balance of the probated sentence — approximately 23 years.

What constitutes a special condition under OCGA § 42-8-34.1 (c) is crucial. *Gearinger*'s special condition was to obey all rules of the detention center, which turned out to include rules against insubordination, verbally threatening a correctional officer, failing to follow instructions, and using obscene words. But this was not a special condition "imposed pursuant to [OCGA § 42-8-34.1]." *Manville*'s special condition was the payment of a fine in equal periodic increments and a monthly probation supervision fee, special conditions that are cov-

ered by OCGA § 42-8-34.1 (d).

The earlier case of *Cockrell v. Brown*, 263 Ga. 345 (433 SE2d 585) (1993), focused only on subsection (b) of the statute and did not address the applicability of subsection (c) even though some of the violated conditions involved the payment of a fine, costs, and restitution. Id. at 346, n. 1. Without considering the authorization for revoking the balance of probation for the special conditions, whatever that balance was, *Cockrell* reversed the revocation judgment and remanded for resentencing.

The statute limits qualifying special conditions to ones "imposed pursuant to this Code section." OCGA § 42-8-34.1 (c). Subsection (d) sets out the special conditions of payment of restitution or reparation, costs, or fines in lump sum or periodic. See *Manville*, supra. These conditions were expressly set out in Lawrence's sentence as conditions "other" than the "general conditions." Accordingly, Lawrence's failure to make the scheduled payments gave the court cause to revoke the remaining balance of his probation, and OCGA § 42-8-34.1 (c) gave the authority.

But the court made clear that it was *not* relying on the nonpayment of fines as the basis for revoking the entire sentence, but was relying on the commission of the two new violent misdemeanors: at the revocation hearing it said the nonpayment of monies is "not the primary issue the Court is concerned about today"; in the subsequent hearing on the motion to reconsider it said "the basis of the revocation for the balance is a new violent misdemeanor offense based upon 17-10-1 (3) (A)," and in the order denying reconsideration it wrote "the sentence of probation revocation . . . was properly imposed pursuant to O.C.G.A. § 17-10-1 (a) (3) (A) as a new violent misdemeanor offense." The court construed OCGA § 17-10-1 (a) (3) (A) as a source of power independent of OCGA § 42-8-34.1 to revoke the remainder of probation if it found the new misdemeanors were violent.

In this the trial court erred. OCGA § 17-10-1 (a) (3) (A) deals exclusively with the type of facility or program to which a court may order a defendant whose probation has been revoked; it does not speak to the length of detention. OCGA § 42-8-34.1 governs the length of detention permitted on a probation revocation. The finding that Lawrence had committed two new violent misdemeanors precluded the court under OCGA § 17-10-1 (a) (3) (A) from ordering him to an alternative facility other than a prison, and the court correctly chose the State penal system for confinement. But the commission of the misdemeanors did not authorize revocation of the remaining four and one-half years of his sentence. If misdemeanors were the sole basis for the probation revocation, OCGA § 42-8-34.1 (b) would limit that revocation to two years.

It was the court's finding that a special condition of probation

had been violated that empowered it to revoke probation on the balance. OCGA § 42-8-34.1 (c).

Because the court misapprehended the law in determining the length of revocation, the case is remanded for the trial court to exercise its discretion in light of the law as construed herein. See OCGA § 42-8-38 (b) and (c); *Mohammed v. State*, 226 Ga. App. 387 (486 SE2d 652) (1997); *State v. Jones*, 196 Ga. App. 896 (397 SE2d 209) (1990) (revocation of probation is discretionary). The trial court may revoke the entire balance of Lawrence's probation based on his nonpayment of the fines, restitution, and fees ordered by the court or may revoke up to two years based on the batteries. *Manville*, supra at 859.

*Judgment vacated and remanded with direction. McMurray, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur in the majority's analysis of the error made by the trial court. I disagree only with the majority's direction to the trial court on remand. The transcript reveals clearly that the trial court revoked Lawrence's probation because he committed new, violent misdemeanors. The violation of any special conditions of probation did not enter into the trial court's decision to revoke probation. Commission of the new misdemeanors, therefore, limits the length of time to which Lawrence may now be sentenced. OCGA § 42-8-34.1 (b); *Gordon v. State*, 217 Ga. App. 271 (2) (456 SE2d 761) (1995). In my view, this Court should vacate Lawrence's sentence and remand to the trial court for resentencing to two years confinement and the rest on probation.

DECIDED OCTOBER 7, 1997.

*Steven M. Reilly*, for appellant.
*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.