### A98A0471. DUNLAP v. THE STATE.
(497 SE2d 640)

BLACKBURN, Judge.

Tommy Lee Dunlap appeals the trial court's denial of his motion to vacate void sentence. On March 27, 1992, Dunlap pled guilty to theft by taking and was sentenced to ten years imprisonment which was suspended upon the payment of a fine and the condition of banishment from Emanuel County. On April 3, 1992, after a hearing, the trial court ordered that Dunlap be confined for ten years after he violated the banishment condition by being present in Emanuel County. On May 15, 1997, Dunlap filed his motion to vacate void sentence which was denied by the trial court, after a hearing, on August 11, 1997. Dunlap contends OCGA § 42-8-34.1 (b) limits to two years the amount of a suspended sentence a court may revoke for a violation of the original sentence.

OCGA § 42-8-34.1 (b) provides: "At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to include community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county. In the event the court determines that the defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less." Subsection (c) of such Code section pertinently provides, however, that the court may revoke the balance of probation "[i]f the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is . . . the violation of a special condition imposed pursuant to this Code section." Therefore, the issue in the present case is whether Dunlap's banishment from Emanuel County was a special condition imposed pursuant to OCGA § 42-8-34.1, a violation of which would allow the revocation of his entire suspended sentence, rather than such revocation being limited to two years.

The State argues that banishment is a special condition because banishment is not a usual condition of a suspended sentence and it is rarely recommended. Although the State's argument may be true as far as it goes, "[t]he statute limits qualifying special conditions to ones 'imposed pursuant to *this Code section.*' OCGA § 42-8-34.1 (c)."

(Emphasis supplied.) *Lawrence v. State*, 228 Ga. App. 745, 747 (492 SE2d 727) (1997). In the present case, banishment from Emanuel County was not imposed pursuant to OCGA § 42-8-34.1, but was imposed at the time of the original sentence. Therefore, the trial court erred in revoking more than two years of Dunlap's suspended sentence. See OCGA § 42-8-34.1 (b). Cf. *Bryson v. State*, 228 Ga. App. 84 (491 SE2d 184) (1997).

The State's reliance on *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996) and *Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996) is misplaced. Neither *Gearinger* nor *Manville* addresses the issue presented in the present case.

In *Gearinger*, the defendant "was sentenced to five years probation on [a] theft charge and ten years probation on [a] possession charge. [The defendant's] probation was thereafter modified and he was remanded to a detention center by an order that set forth as a 'Special Condition of his probation,' inter alia, that [he] obey 'any and all rules, regulations, and policies' of the center and specified that 'any non-compliance with the Conditions of Probation Order and/or rules of the (detention center) will be considered sufficient cause to warrant disciplinary action and/or revocation.' Within two months of the court's order, one of [the defendant's] detention center counselors filed a petition for revocation of probation against him, alleging [that the defendant] violated four disciplinary infraction code provisions." *Gearinger*, supra at 168. The Supreme Court determined that the defendant's violation of the special condition of his probation authorized the revocation of the balance of his probation. Id. at 170. The special condition in *Gearinger*, unlike the special condition in the present case, was imposed pursuant to the revocation of the defendant's probation. OCGA § 42-8-34.1 (b). Thereafter, the violation of such special condition authorized the revocation of the entire balance of the defendant's probation. OCGA § 42-8-34.1 (c).

In *Manville*, supra, the defendant "was convicted of two counts of selling cocaine, and parts of the sentences imposed were probated. As a special condition of such probation, [the defendant] was ordered to pay both a court-imposed fine in equal periodic increments, and a monthly probation supervision fee." Id. at 857. See OCGA § 42-8-34.1 (d). The defendant's probation was later revoked "due to both the violation of a special condition *and* the commission of a felony." (Emphasis in original.) Id. at 859. The Supreme Court determined that the defendant's entire probated sentence — approximately twenty-three years — could be revoked due to the violation of the special condition of probation, despite the fact that the commission of the felony authorized a revocation of only ten years of the probated sentence. Id. See OCGA § 42-8-34.1 (c). Therein, the court addressed the issue of amount of revocation authorized upon the violation of a special condi-

tion and the commission of a felony, not what constitutes a special condition pursuant to OCGA § 42-8-34.1.

Because Dunlap violated a provision of his suspended sentence, OCGA § 42-8-34.1 (b) authorized the trial court to impose certain alternatives to incarceration or to revoke the lesser of the balance of the suspended sentence or two years of the suspended sentence. As banishment from Emanuel County was not a special condition of the sentence suspension imposed pursuant to OCGA § 42-8-34.1, the trial court was not authorized to revoke Dunlap's entire ten-year suspended sentence. See OCGA § 42-8-34.1 (c). Therefore, the trial court erred in denying Dunlap's motion to vacate void sentence.

*Judgment reversed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 10, 1998.

*Thomas O. Harper III, William G. Snider, Craig L. Cascio,* for appellant.

*Richard A. Malone, District Attorney,* for appellee.