## A99A0389. GLOVER v. THE STATE.
(545 SE2d 348)

RUFFIN, Judge.

In *Glover v. State*,[1] this Court considered the effect of OCGA § 42-8-34.1 (c), which allows a trial court to revoke the remainder of a defendant's probation for violation of a special condition of probation "imposed pursuant to this Code section." We concluded that no special conditions of probation are in fact "imposed pursuant to" OCGA § 42-8-34.1, and overruled as wrongly decided two prior cases in which panels of this Court had suggested the contrary.[2] We noted, however, that the Supreme Court, in *Gearinger v. Lee*[3] and *Manville v. Hampton*,[4] had applied the statute in situations where the special condition at issue was not imposed pursuant to OCGA § 42-8-34.1. We noted that, in *Gearinger*, the Court had "broadly stated, without qualification, that 'where . . . the violation of probation results solely from infraction of *a special condition* and not from commission of a felony offense,' the trial court may revoke up to the balance of the defendant's probation,"[5] and that, in *Manville*, the Court had

> restated its holding . . . that "where probation is revoked solely for the violation of a special condition, and not for a felony offense . . . the revocation court is authorized by section 42-8-34.1 (c) to revoke no more than the balance of a defendant's probation."[6]

As an inferior court, we do not always paint on a blank canvas when interpreting statutes, but are constrained to consider prior interpretations by the Supreme Court. We are not at liberty to construe a statute in a manner contrary to a decision of the Supreme Court, regardless of whether we believe that decision to have been correctly decided. Therefore, because (1) the Supreme Court had applied OCGA § 42-8-34.1 in cases where the special condition at issue was manifestly not "imposed pursuant to" that statute, and (2) in so doing, the Court had used broad language indicating that the statute applies to *any* special condition, without regard to whether it was "imposed pursuant to" OCGA § 42-8-34.1, and (3) OCGA § 42-8-34.1 does not in fact authorize the imposition of any special conditions, we concluded that the Supreme Court "recognized no limita-

---

[1] 239 Ga. App. 155 (521 SE2d 84) (1999).
[2] Id. at 158-160 (1), overruling *Lawrence v. State*, 228 Ga. App. 745 (492 SE2d 727) (1997) and *Dunlap v. State*, 231 Ga. App. 82 (497 SE2d 640) (1998).
[3] 266 Ga. 167 (465 SE2d 440) (1996).
[4] 266 Ga. 857 (471 SE2d 872) (1996).
[5] (Emphasis in original.) *Glover*, supra at 157 (1), quoting *Gearinger*, supra at 170.
[6] *Glover*, supra, quoting *Manville*, supra at 858-859 (2).

tions on the special conditions subject to § 42-8-34.1 (c)."[7]

The Supreme Court granted certiorari and reversed our decision, holding that our analysis was "unfounded" and "[ran] afoul of basic precepts of criminal jurisprudence."[8] The Court did not, however, indicate what it believed the correct interpretation of the statute should be,[9] nor did it state how its prior decisions in *Gearinger* and *Manville* could be squared with the statutory language.[10] Indeed, the Court did not express any opinion on the central issue of whether OCGA § 42-8-34.1 actually authorizes the imposition of any special conditions. Instead, the Court simply held that our interpretation was wrong, and left it to us to reinterpret the statute on remand.

In the absence of direct guidance regarding how the statute is to be construed, it is incumbent upon us to consider exactly what the Supreme Court did and did not do in reversing our prior decision. Most notably, the Court did not disagree with our ruling that OCGA § 42-8-34.1 does not authorize the imposition of any special conditions of probation. To the contrary, it simply stated that *"[r]egardless of whether OCGA § 42-8-34.1 serves as a basis for imposing special conditions of probation,* the Court of Appeals['] analysis is incorrect."[11] The Court then stated that

> OCGA § 42-8-34.1 (c) is quite susceptible to results that may not have been intended. But, if that is so, it is for the legislature to re-examine the language of the statute and ensure that it accurately reflects its requirements for revoking probated or suspended sentences.[12]

Because the Supreme Court did not disturb our holding that OCGA § 42-8-34.1 does not authorize the imposition of any special conditions of probation, it appears that such holding remains the law of the case.[13] Even if the law of the case rule were not applicable,

---

[7] *Glover*, supra at 160 (1).

[8] (Punctuation omitted.) *Glover v. State*, 272 Ga. 639, 640-641 (533 SE2d 374) (2000).

[9] The dissenters on the Supreme Court recognized this, stating that "[t]he majority opinion offers neither a solution nor any guidance in this case of statutory construction." Id. at 641 (Carley, J., dissenting).

[10] The Court simply dismissed its decisions in *Gearinger* and *Manville* by stating that "neither case addressed the language at issue," thus suggesting that, if it had actually considered such language, it would have ruled differently. Id. at 640. We note, however, that the Court in both cases actually *quoted* the language at issue before holding that violation of the special condition authorized revocation of the balance of probation. See *Gearinger*, supra at 169; *Manville*, supra at 858. Nevertheless, in light of the Court's ruling on certiorari, we now accept that *Gearinger* and *Lee* have no precedential value on this issue.

[11] (Emphasis supplied.) *Glover*, supra, 272 Ga. at 640.

[12] (Citation and footnote omitted.) Id. at 641.

[13] See *Security Life Ins. Co. v. Clarke*, 273 Ga. 44, 46-47 (1) (535 SE2d 234) (2000) ("[A]ny portions of the Court of Appeals' decision that are not considered by the Supreme

however, we remain convinced that our earlier decision was correct on this point. Because nothing in the Supreme Court's opinion requires us to change our analysis, we adhere to our earlier ruling for the reasons stated in our prior opinion. To the extent that *Lawrence v. State*[14] and *Dunlap v. State*[15] hold otherwise, we reiterate our previous overruling of such cases.

Having concluded that there are no special conditions that are "imposed pursuant to" OCGA § 42-8-34.1, we must consider the effect of the statutory language "imposed pursuant to this Code section." In its opinion, the Supreme Court stated that such language is "plain and unequivocal," and that it refers to special conditions imposed "pursuant to OCGA § 42-8-34.1."[16] Because the language is "plain and unequivocal," the Supreme Court held that "judicial construction is not only unnecessary but forbidden."[17] Accordingly, we are compelled to apply the literal language of the statute, without resort to any judicial construction, even though that leads to "results that may not have been intended."[18] Thus, we hold that (1) the literal language of OCGA § 42-8-34.1 (c) authorizes a trial court to revoke the remainder of a defendant's probation for violation of a special condition imposed pursuant to OCGA § 42-8-34.1, and (2) there are no such special conditions. Although that is manifestly not what was intended, the Supreme Court has stated that "it is for the legislature to re-examine the language of the statute."

---

Court are unaffected by the Supreme Court's opinion. It follows . . . that when . . . the Supreme Court reviewed the Court of Appeals'. . . decision and left [its] ruling on the RICO proximate cause issue undisturbed, that portion of [the opinion] became the law of the case.") (footnotes omitted). See also *Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730, 731 (514 SE2d 201) (1999) ("That ruling [by the Court of Appeals] was not disturbed by this Court . . . and thus remains the law of the case.").

[14] Supra.

[15] Supra.

[16] *Glover*, supra, 272 Ga. at 640. The Court thus rejected the dissent's argument that "pursuant to this Code section" should be read to mean "pursuant to sections of this Code." Id. at 642 (Carley, J., dissenting).

[17] Id. at 640. Although the Court forbade judicial construction of the statute, it also stated that "when a statute which imposes a penalty is capable of two constructions, the statute must be found to impose the lesser penalty." Id. at 641.

[18] Id. We note that the Supreme Court has previously held that, even if statutory language is plain and unequivocal, judicial construction is allowed if "the purpose of the legislature would be defeated were the words employed construed literally." (Punctuation omitted.) *Bd. of Trustees of Policemen's Pension Fund &c. v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980). In such circumstances,

a court may decline to give . . . such construction as will attribute to the General Assembly an intention to pass an act which is not reasonable, or as will defeat the purpose of the proposed legislation. In the exercise of this power a court may avoid a portion of the enactment and preserve the remainder.

(Punctuation omitted.) Id. Because the Court has forbidden judicial construction of the statute in this case, however, we do not believe we are authorized to apply this rule of construction in interpreting the statutory language.

Because OCGA § 42-8-34.1 does not authorize the imposition of any special conditions of probation, the trial court erred in relying on OCGA § 42-8-34.1 (c) in revoking ten years of the defendant's probation. Accordingly, the revocation sentence is hereby vacated and this case remanded to the trial court for further consideration.

*Judgment vacated and case remanded. Pope, P. J., Andrews, P. J., Johnson, P. J., Smith, P. J., Eldridge, Barnes, Miller, Ellington, Phipps and Mikell, JJ., concur. Blackburn, C. J., concurs in the judgment only.*

DECIDED FEBRUARY 2, 2001.

*Dennis C. O'Brien*, for appellant.
*Patrick H. Head, District Attorney, Debra H. Bernes, Bruce D. Hornbuckle, Assistant District Attorneys*, for appellee.