## S01A0043. CHATMAN v. FINDLEY.
(548 SE2d 5)

CARLEY, Justice.

In 1991, a jury found Petitioner Julia Findley guilty of two counts of theft by taking and 106 counts of forgery. The trial court sentenced her to concurrent five-year terms for the thefts and to consecutive ten-year terms for the forgeries. The trial court further provided for probation of the sentences after five years, on condition that Petitioner make restitution in the total amount of $52,000, payable in weekly installments of $100. In 1996, the trial court revoked 30 days of the probation because of Petitioner's failure to timely pay the restitution. In 1998, the trial court revoked the entire balance of the probated sentences on several grounds, including Petitioner's failure to make the restitution payments to the victim. Thereafter, she insti-

tuted habeas corpus proceedings. The habeas court concluded that revocation of the entire balance of the probated sentences was excessive under OCGA § 42-8-34.1 (c), as interpreted in *Glover v. State*, 272 Ga. 639 (533 SE2d 374) (2000) (*Glover II*). The Warden appeals from this order.

When a probationer violates "a special condition *imposed pursuant to this Code section*, . . . the court may revoke . . . the balance of probation. . . ." (Emphasis supplied.) OCGA § 42-8-34.1 (c). In *Glover v. State*, 239 Ga. App. 155, 158 (1) (521 SE2d 84) (1999) (*Glover I*), the Court of Appeals, relying upon this Court's decisions in *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996) and *Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996), held that the emphasized phrase was "meaningless, as § 42-8-34.1 does not authorize the imposition of any special conditions of probation." Having thus concluded that there were "no limitations on the special conditions subject to § 42-8-34.1 (c)[,]" the Court of Appeals overruled its prior decisions in *Lawrence v. State*, 228 Ga. App. 745 (492 SE2d 727) (1997) and *Dunlap v. State*, 231 Ga. App. 82 (497 SE2d 640) (1998) "to the extent that those cases hold that the phrase 'imposed pursuant to this Code section' limits the type of special conditions to which § 42-8-34.1 (c) applies." *Glover I*, supra at 160 (1).

We granted certiorari and, in *Glover II*, supra, reversed the Court of Appeals, holding that the phrase "imposed pursuant to this Code section" is not ambiguous or, in the alternative, that any ambiguity therein must be construed against the imposition of increased punishment for a probationer. Under either analysis, OCGA § 42-8-34 (c) does not permit the revocation of the entire balance of a probated sentence wherever "there is a violation of any special condition legally imposed." *Glover II*, supra at 640. However, *Glover II* did not specify precisely what the phrase does mean or indicate which special probationary conditions are included within its limited scope. The question presented in this case is whether the failure to pay restitution is the violation of a special condition "imposed pursuant to" OCGA § 42-8-34.1 which would authorize revocation of the entire balance of Petitioner's probated sentences.

Because the General Assembly is presumed to intend something by passage of the act, we must construe its provisions so as not to render it meaningless. *Powell v. Studstill*, 264 Ga. 109, 113 (3) (b) (441 SE2d 52) (1994). "[C]riminal statutes must be strictly construed, but that does not imply that such statutes are not subject to logical interpretation." *Bunge v. State*, 149 Ga. App. 712, 716 (3) (256 SE2d 23) (1979). "The language of subsection (c) is plain and unequivocal. By its express terms, it applies to . . . the violation of a special condition *'imposed pursuant to this Code section,'* that is, pursuant to OCGA § 42-8-34.1." (Emphasis in original.) *Glover II*, supra at 640.

That Code section relates exclusively to revocation proceedings. Thus, a special condition of probation "imposed pursuant" thereto logically would include those imposed in the context of such a revocation proceeding, rather than those imposed solely in connection with the original sentence itself. *Gearinger v. Lee*, supra (holding that OCGA § 42-8-34.1 (c) is applicable to violation of special condition imposed as a modification of the original sentence); *Dunlap v. State*, supra (holding that violation of special condition imposed by original sentencing not within the ambit of OCGA § 42-8-34.1 (c)). This interpretation is both logical and strict, in that it narrows application of the statute to only those defendants who *already* have violated their probation and, therefore, limits imposition of the harsher consequence of revocation of the entire balance of the probated sentence to only *subsequent* violations of the special probationary terms imposed or reimposed in prior revocation proceedings. As thus strictly construed, OCGA § 42-8-34.1 (c) authorizes a greater penalty in the limited instance of probationer's second violation of a special condition. For purposes of imposing the harsher consequences authorized by subsection (c), the violation of any new special condition imposed in a previous revocation proceeding or any original condition reimposed therein is deemed to be a violation of a "special condition imposed pursuant to" OCGA § 42-8-34.1.

The phrase also necessarily encompasses any special conditions of probation which are expressly authorized pursuant to the Code section. "While OCGA § 42-8-34.1 itself does not define 'special condition,' the Court of Appeals in *Dunlap v. State* and *Lawrence v. State*, plainly found that certain special conditions are authorized under that Code section." *Glover II*, supra at 640. In *Lawrence*, the special condition was "[t]he payment of restitution or reparation, costs, or fines ordered by the court. . . ." OCGA § 42-8-34.1 (d). In finding that to be a statutorily authorized special condition, *Lawrence* followed this Court's prior holding that, when a probationer fails "to make court-ordered payments as directed, the revocation court would [be] authorized to revoke his entire . . . probated sentence. . . ." *Manville v. Hampton*, supra at 859 (2). Although the Court of Appeals overruled *Dunlap* and *Lawrence* in *Glover I*, the viability of those two cases was restored by our holding in *Glover II* that they were authority for the proposition that certain special conditions were authorized under OCGA § 42-8-34.1. Thus, a failure to make the payments enumerated in OCGA § 42-8-34.1 (d), whether ordered by the trial court at the time of original sentencing or by the revocation court in a subsequent revocation proceeding, will authorize the revocation of the entire balance of the probated sentence.

Because the defendant in *Glover* had no previous probation violation, the special conditions Glover violated were only those imposed

at his original sentencing. *Dunlap v. State*, supra. Compare *Gearinger v. Lee*, supra. None of those special conditions involved the payment of restitution, reparation, costs or fines pursuant to OCGA § 42-8-34.1 (d). Therefore, the court was not authorized to revoke the entirety of Glover's probated sentence pursuant to subsection (c) of OCGA § 42-8-34.1. In this case, however, Petitioner's probation has already been revoked once before for failing to pay court-ordered restitution to the victim. The payment of that restitution was reimposed as a special condition of probation after the 1996 revocation proceeding. Thus, the court was authorized to revoke the entire balance of Petitioner's probated sentences because she had violated a special condition of probation reimposed after her first revocation proceeding, and her violation related to the non-payment of court-ordered restitution. In either case, Petitioner's violation was of a special probationary condition "imposed pursuant to" OCGA § 42-8-34.1.

· Although we are reversing the habeas court, we are compelled to note again that OCGA § 42-8-34.1 (c) is not a model of clarity and that its construction, as presently worded, is problematic. *Glover II*, supra at 641, fn. 2; *Manville v. Hampton*, supra at 860 (3). Indeed, this Court in *Glover II* was sharply divided over the proper interpretation of the statute. Considering the statutory language and its appellate history, the habeas court acted in the understandable belief that *Glover II* required it to rule as it did. Indeed, the habeas court's conclusion that Petitioner's sentence is void is entirely consistent with the Court of Appeals' holding, on remand, that in *Glover II* this "Court did not disagree . . . that OCGA § 42-8-34.1 does not authorize the imposition of any special conditions of probation." *Glover v. State*, 247 Ga. App. 789, 790 (545 SE2d 348) (2001) (*Glover III*). However, that is a misinterpretation of the holding in *Glover II* because, if the statute did not authorize the imposition of any special conditions, it would be meaningless. The *Glover II* court held that the statute is not without meaning and does authorize the imposition of certain limited special conditions. The error which *Glover II* sought to correct was in construing OCGA § 42-8-34.1 (c) too broadly so that it would apply to the violation of *any* special probationary condition. We now hold that the statute, when construed logically and strictly against the State, authorizes the revocation of the entirety of a probated sentence in those limited instances when the probationer has a prior revocation based on the violation of a special condition or when the special condition violated by the probationer consists of the failure to make court-ordered payments of restitution, reparation, costs or fines. To the extent that the Court of Appeals' decision in *Glover III*, supra, is inconsistent with this holding, it is hereby overruled.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Hines, J., who concur in the judgment only.*

DECIDED JUNE 4, 2001 —
RECONSIDERATION DENIED JULY 16, 2001.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellant.
Julia S. Findley, *pro se.*