303 Ga. 63
FINAL COPY

S17Q1508. BLACH v. DIAZ-VERSON.

BOGGS, Justice.

In this case involving the interpretation of the 2016 amendment to Chapter 4 of Title 18 relating to garnishment proceedings, the United States District Court for the Middle District of Georgia has certified the following question for this Court's consideration:

> Whether an insurance company is a "financial institution" under the Georgia garnishment statute when the insurance company is garnished based on earnings that it owes the defendant as the defendant's employer.

For the reasons explained below, we answer this question of first impression in the negative.

The relevant facts are as follows. Harold Blach filed a garnishment action against AFLAC to collect a $158,343.40 judgment that he obtained against Sal Diaz-Verson. He sought to garnish funds that AFLAC periodically pays to Diaz-

Verson based on Diaz-Verson's former employment with the company.[1] Since December 2015, Blach has regularly filed summonses of garnishment against AFLAC, and AFLAC has deposited more than $140,000 into the court's registry.

Effective May 12, 2016, however, the legislature enacted a new chapter governing garnishments in Georgia. Under OCGA § 18-4-1 et seq. (the "new garnishment statute," Ga. L. 2016, p. 8, § 1/SB 255), different forms are required for summonses of garnishment for general garnishments,[2] which provide for a 29-day garnishment period, and for garnishments on a financial institution, which provide for a five-day garnishment period. See OCGA § 18-4-4 (c) (2) and (4); see also OCGA §§ 18-4-71, 18-4-74 through 18-4-77. After the effective date of the new statute, Blach used the general garnishment forms found in OCGA §§ 18-4-71 and 18-4-74, and AFLAC garnished payments to

---

[1] AFLAC made bi-monthly payments to Diaz-Verson pursuant to the settlement of a contested pension claim arising from an ERISA pension plan. See AFLAC, Inc. v. Diaz-Verson, 2012 U. S. Dist. LEXIS 73140 (M.D. Ga., May 25, 2012).

[2] Although the parties use the term "traditional garnishments," we will refer to "all other garnishments" under OCGA § 18-4-4 (c) (4) as "general garnishments."

Diaz-Verson for 29 days after receiving each summons of garnishment.

Diaz-Verson filed motions to dismiss all garnishments filed after May 12, 2016, arguing that because Blach used the general form instead of the form for financial institutions, a portion of the funds in the court's registry must be released back to Diaz-Verson.[3] See OCGA § 18-4-7 (d) ("When a plaintiff uses the incorrect form for a summons of garnishment of any type, the garnishment shall not be valid and the garnishee shall be relieved of all liability."). The district court was inclined to agree with Diaz-Verson that the garnishment period is five days, because AFLAC is a financial institution for purposes of the Georgia garnishment statute, and that Blach therefore used the wrong form. But the court found it prudent and consistent with comity principles to give this Court an opportunity to determine what the garnishment statute means, saying that an argument can be made that a "plain meaning interpretation cannot be what the General Assembly intended."

OCGA § 18-4-1 (4) defines "financial institution" as

_____

[3] The district court ruled that payments made by AFLAC into the court registry were properly paid "according to traditional garnishment proceedings." See AFLAC, supra, 2012 U. S. Dist. LEXIS 73140 at *23-24.

every federal or state chartered commercial or savings bank, including savings and loan associations and cooperative banks, federal or state chartered credit unions, benefit associations, insurance companies, safe-deposit companies, trust companies, any money market mutual fund, or other organization held out to the public as a place of deposit of funds or medium of savings or collective investment.

Blach argues that a plain reading of this subsection makes clear that a "financial institution" is a broad term for "bank," and an insurance company is only a "financial institution" when it is answering a garnishment that seeks to garnish a fund or account. He asserts that because AFLAC makes payments to Diaz-Verson that are akin to wages, it is not a "financial institution" for purposes of the garnishment statute. On the other hand, Diaz-Verson argues that the plain language of OCGA § 18-4-1 (4) dictates that an insurance company is a financial institution and that there is no language that limits the institutions listed to "a commercial or savings bank" as Blach suggests. The parties do not dispute that AFLAC is an insurance company. And as explained by AFLAC, Diaz-Verson "is a former employee of AFLAC, and AFLAC is indebted to [him] pursuant to certain contractual agreements . . . under which semi-monthly payments are made . . . . The contractual agreement . . . also calls for a quarterly

4

payment of certain perquisites to . . . Diaz-Verson."

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." (Citations and punctuation omitted.) Deal v. Coleman, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013).

> [A]nd so, we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question.

(Citations and punctuation omitted.) Zaldivar v. Prickett, 297 Ga. 589, 591 (1) (774 SE2d 688) (2015); see also FDIC v. Loudermilk, 295 Ga. 579, 588 (2) (761 SE2d 332) (2014) ("[W]e look not only to the words of [a] provision, but we consider its legal context as well. After all, context is a primary determinant of meaning. (Citation and punctuation omitted.)").

Prior to the 2016 amendment to the statutes governing garnishment proceedings, the Code provided only for a general garnishment, see former OCGA §§ 18-4-1 through 18-4-97, a continuing garnishment, see former OCGA

5

§§ 18-4-110 through 18-4-118, and a continuing garnishment for support, see former OCGA §§ 18-4-130 through 18-4-135. The 2016 amendment created a new category of garnishments, those "served on a financial institution," with a garnishment period of five days. OCGA § 18-4-4 (c) (2). Although OCGA § 18-4-1 (4) lists "insurance companies" in its definition of a "financial institution," the last phrase of this subsection provides: "or other organization held out to the public as a place of deposit of funds or medium of savings or collective investment." Diaz-Verson argues that the use of the disjunctive "or" immediately before this last phrase indicates that it is meant to stand alone and in addition to the preceding list of institutions. But "or" is also used as a reiterative term, Gearinger v. Lee, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996), and here, in the context of the chapter as a whole, the natural and reasonable use of this phrase at the end of subsection (4) of OCGA § 18-4-1 is to describe generally all the entities listed earlier in the subsection. That is, that a "financial institution," for purposes of a garnishment on a financial institution pursuant to OCGA § 18-4-4 (c) (2), is an entity that is a place of deposit for a defendant's funds or medium for a defendant's savings or investments, for example, those listed in the subsection.

We arrive at this conclusion by viewing OCGA § 18-4-1 (4) in the context of other provisions of the chapter. OCGA § 18-4-7 (b) (2) provides that a summons of garnishment on a financial institution shall "state with particularity the defendant's *account, identification, or tracking numbers* known to the plaintiff used by the garnishee in the identification or administration of the defendant's funds or property[.]" (Emphasis supplied.) And subsection (c) of OCGA § 18-4-10 provides that "[i]f the defendant *does not have an active account with and is not the owner of any money or other property in the possession of such financial institution*, then the garnishee may immediately file the garnishee's answer[.]" (Emphasis supplied.) Similarly, OCGA § 18-4-13 (c) (2) provides: "No service upon the defendant shall be required by a financial institution garnishee if the defendant does not have an active account with and is not the owner of any money or other property in the possession of such financial institution." These provisions indicate that, pursuant to OCGA § 18-4-4 (c) (2), garnishments served on a "financial institution," that are not continuing garnishments or continuing garnishments for support (or general garnishments under OCGA § 18-4-4 (c) (4) as later explained), are those served on an entity that holds an account where a defendant's funds are deposited,

7

saved, or invested.

Further, OCGA § 18-4-7 (c) provides: "The form for a summons of garnishment on a financial institution shall not be used for a continuing garnishment or continuing garnishment for support." And the forms provided in the garnishment chapter further support our conclusion here regarding the meaning of "financial institution." The form for "Attachment for summons of garnishment on a financial institution" contains blank spaces for listing "Account or identification numbers of accounts of the Defendant used by the Garnishee." OCGA § 18-4-77. And the "Financial institution garnishee answer form" contains a box labeled in bold type "Check this box if the Defendant is not presently an account holder of the Garnishee." OCGA § 18-4-85 (3). This language is not contained in the forms for the garnishee answer to other types of garnishments. See OCGA §§ 18-4-84 (garnishee answer form) and 18-4-86 (garnishee answer to continuing garnishment form). These forms further demonstrate that "financial institution," for purposes of garnishments on a financial institution under OCGA § 18-4-4 (c) (2), is intended to include only those entities that hold funds of the defendant in some type of account.

To follow Diaz-Verson's interpretation of OCGA § 18-4-1 (4) that an

insurance company such as AFLAC is a "financial institution" regardless of the capacity in which it is acting in relation to the defendant would also mean that an insurance company, bank, and all other organizations enumerated in OCGA § 18-4-1 (4) could never be the garnishee of a general garnishment, continuing garnishment, or continuing garnishment for support as the employer or former employer of the defendant. See OCGA §§ 18-4-4 (c) (4), 18-4-40, 18-4-51, 18-4-86. But the legislature has indicated in OCGA § 18-4-10 (c) that a financial institution could also be the garnishee for a continuing garnishment or continuing garnishment for support: "When the garnishee is a financial institution and the garnishment is not a continuing garnishment or continuing garnishment for support, such garnishee's answer shall be filed with the court issuing the summons . . . ."[4] The legislature has also indicated that a financial institution could be the garnishee for a general garnishment under OCGA § 18-4-4 (c) (4). The general affidavit garnishment form contains a box labeled in bold type "**Check this box if the Garnishee is a financial institution.**" OCGA

---

[4] See also OCGA § 18-4-76, the form for "Summons of garnishment on financial institution," which provides: "DO NOT USE THIS FORM IF THIS IS A CONTINUING GARNISHMENT . . . OR CONTINUING GARNISHMENT FOR CHILD SUPPORT OR ALIMONY."

§ 18-4-71.

For the above-stated reasons, we hold that viewing the garnishment statutory scheme as a whole, it is clear that "financial institution" in OCGA § 18-4-1 (4), for purposes of garnishments served on a financial institution subject to the five-day garnishment period, is limited to entities that are "held out to the public as a place of deposit of funds or medium of savings or collective investment" and are garnished in that capacity. We therefore conclude, in answering the district court's question, that an insurance company is not a "financial institution" for purposes of OCGA § 18-4-4 (c) (2) when the insurance company is garnished based on earnings that it owes the defendant as the defendant's employer.

Certified question answered. All the Justices concur.

Decided February 5, 2018.

Certified question from the United States District Court for the Middle District of Georgia.

Wagner, Johnston & Rosenthal, A. Binford Minter, for appellant.

Hunton & Williams, Kurtis A. Powell, for appellee.