## A92A1938. WHITEHEAD v. THE STATE.
(429 SE2d 536)

Andrews, Judge.

Whitehead entered a guilty plea to one count each of armed robbery and aggravated assault. He appeals from the sentence entered on that plea on four grounds.

Whitehead and his co-defendant Holmes were arrested within one hour of the robbery and assault of Mr. and Mrs. Wicks while they were staying at a local motel. Whitehead grabbed Mrs. Wicks and shoved her back into the motel room when she came out to get a book from the car. Holmes was brandishing a sawed-off shotgun and pointed it at Mr. Wicks' head as he relieved him of several $50 bills and traveler's checks.

The Wicks notified the local police who spotted the two men in a car at another motel. When approached, a sawed-off shotgun was found in the car, a $50 bill was taken from each man's pocket, and the Wicks' room key was found lying on the seat of the car.

Whitehead made a statement to the officers that Holmes had the gun and took the money from the victims. Both defendants were identified by Mr. Wicks at the police station within an hour of the robbery.

Represented at trial by his appellate counsel, Whitehead entered his plea of guilty on March 2, 1992. The hearing on both defendants' motions, including Whitehead's motion to suppress evidence and statements, was held on February 21, 1992.

1. During the February hearing, the court orally denied the motions to suppress the physical evidence and statements made by the defendants and reserving ruling on the motions regarding the showup. Holmes had filed a motion to sever the two defendants and the State agreed to that severance due to problems under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

The second enumeration alleges error in the granting of the motion to sever. The third enumeration alleges error in failing to enter a written order on the motion to sever.

No reservation of the right to appeal any of these rulings was made prior to entry of the guilty plea. "Although this court considers errors asserted after trial courts have permitted defendants to condition their guilty pleas on reserving the opportunity to appeal adverse rulings made prior to the plea [cit.], the general rule is that errors are not preserved because a guilty plea waives all defenses and objections, known and unknown. [Cits.] A valid guilty plea is treated as a confession of guilt and waives all defenses known and unknown." *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991).

2. The first and fourth enumerations address claimed errors in the sentence imposed and will be addressed.

During the sentencing hearing, the court orally announced the sentence which included his direction that, upon being released from custody on his 14 years to serve, Whitehead leave the Southern Judicial Circuit and "not return at any time during the course of the two sentences." When the written sentence was entered, it reflected fourteen years to serve with the remaining six years of the twenty-year sentence to be "probated upon the following express conditions . . . (16) [l]eave the area of the Southern Judicial Circuit . . . and do not return into said area at anytime."

While no objection was made to this condition during the hearing or prior to appeal, it is now contended that banishment "forever" was an abuse of discretion. It is not necessary, however, to read the sentence that way. The language used is on all fours with that approved in *Wyche v. State*, 197 Ga. App. 148 (1) (397 SE2d 738) (1990). As stated there, "[i]nasmuch as the banishment is a condition of probation, it is obvious that the banishment is to be in effect only during defendant's probation. [Cit.]" Id. See also *State v. Collett*, 232 Ga. 668 (208 SE2d 472) (1974); *Parrish v. State*, 182 Ga. App. 247, 248 (2) (355 SE2d 682) (1987).

Another condition of probation was that Whitehead "[p]ay a fine of $3,500, plus all required surcharges, *as and when directed by Probation Officer*." (Emphasis supplied.) Here, although no objection was voiced below, Whitehead contends that imposition of a fine without having a hearing on his indigency violates OCGA § 42-8-34. Subsection (e) of that statute provides that "[t]he court may, in its discretion, require the payment of a fine or costs, or both, as a condition precedent to probation." Since payment of the fine was not a condition precedent to the entry upon probation, there is no violation of that statute. *Reid v. State*, 204 Ga. App. 358, 362 (4) (419 SE2d 321) (1992).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1993.

*James G. Tunison, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, J. David Miller, A. Scott Gunn, Assistant District Attorneys*, for appellee.