A98A1238. WILLIAMS v. THE STATE.
(505 SE2d 816)

BLACKBURN, Judge.

James Williams appeals the special condition of probation imposed by the trial court, following his conviction of the offense of solicitation of sodomy. He was sentenced to 12 months of confinement, which was probated, with a special condition of his probation being that for a certain number of hours he wear a placard stating "BEWARE HIGH CRIME AREA" while walking through the area where he committed his offense. Williams contends that the special condition constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution. For the reasons outlined herein, we reverse the sentence and remand the case to the trial court for resentencing.

As one of his special conditions of probation, Williams was required to perform 150 hours of community service. For the first 40

hours of such service, Williams was ordered to "walk that portion of Findley Street located between Hancock and Broad Streets [in Athens, Georgia, where the solicitation occurred] in 4 hour intervals on ten (10) days between the hours of 7:00 p.m. and 11:00 p.m. displaying a sign containing the language '*BEWARE HIGH CRIME AREA*' which is to be large enough for citizens in the area to view same; such 40 hours of community service are to be performed on approved days with notice to police department that such hours are being performed in order that periodic police patrol in the area can accomplish 2 things: (1) that offender is complying with the Court's special condition of probation and (2) provide an appropriate level of safety to the probationer during such work period. Such 40 hours of community service to only be performed during favorable weather conditions." It is this condition which Williams contends was cruel and unusual punishment.

"[A] trial judge is expressly authorized by OCGA § 17-10-1 (a) to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper. OCGA § 42-8-35 sets forth 12 conditions which may be imposed on probation. This list, however, is not exclusive. A trial court certainly has broad discretion to determine the terms and conditions of probation. *In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved." (Citations and punctuation omitted; emphasis in original.) *Tuttle v. State*, 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).

This case is distinguishable from *Ballenger v. State*, 210 Ga. App. 627 (436 SE2d 793) (1993), in which this Court found that it was not cruel and unusual punishment to require someone convicted of driving under the influence to wear a pink bracelet imprinted with the words "DUI CONVICT." We explained: "[T]he two essential purposes of probation in Georgia, as elsewhere[,] are the rehabilitation of the probationer, *and the protection of society*. Being jurists rather than psychologists, we cannot say that the stigmatizing effect of wearing the bracelet may not have a rehabilitative, deterrent effect on Ballenger. . . . It may also serve the second purpose, that of protecting society, in the event someone notices the bracelet and chooses not to ride with Ballenger or refuses to allow him to drive. Balancing the possible beneficial purpose of this condition of probation, we do not find as a matter of law that the possible embarrassment of being required to wear the bracelet constitutes an unreasonable infringement on Ballenger's constitutional rights. Finally, we do not find the trial court's assessment that this condition has rehabilitative value to be so totally without basis that we will interfere with its broad discretion in matters of conditions of probation." (Citations and punctu-

ation omitted.) Id. at 629 (2).

Likewise, in the present case, we cannot say that wearing the placard may not have a rehabilitative, deterrent effect on Williams. In addition, society might be protected in that citizens may heed the placard's warning and be more wary about entering this high crime area of Athens, Georgia.

Unlike the present case, however, *Ballenger* did not involve any risk of danger to the defendant. Here, the sign itself indicates that Williams would be patroling in a high crime area. It is possible that the trial court could have intended that the message be tongue-in-cheek, but we must give words their normal meaning. The sentence itself requires the police to provide an appropriate level of safety to Williams, which indicates some exposure to danger.

In *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U. S. 189, 199-200 (109 SC 998, 103 LE2d 249) (1989), the U. S. Supreme Court held that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." One who is on probation is equally covered by *DeShaney* to the extent that the State controls the probationer's conduct and presence at a particular place. Included in the responsibility for the probationer's safety is the duty to keep such person out of harm's way. To knowingly place one under its control in danger is a violation of the Eighth Amendment and the Due Process Clause of the U. S. Constitution. See also *Williams v. Dept. of Corrections*, 224 Ga. App. 571, 575 (481 SE2d 272) (1997).

The trial judge in this case is to be commended for having the initiative to adopt a new and creative form of sentencing which might very well have a positive effect on Williams and be beneficial to the public. The law does not permit, however, the imposition of a condition of probation where compliance would result in the probationer being placed in danger. We therefore vacate the sentence and remand the case to the trial court for resentencing, consistent with this opinion.

*Judgment vacated as to sentence and case remanded for resentencing. McMurray, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 19, 1998.

*Deborah N. Bedsole*, for appellant.
*Kenneth W. Mauldin, Solicitor, Elizabeth M. Grant, Donna M. Dunn, Assistant Solicitors*, for appellee.