A99A0389. GLOVER v. THE STATE.
(521 SE2d 84)

RUFFIN, Judge.

John Glover challenges the sentence imposed by the trial court upon the revocation of his probation, alleging that the sentence is longer than allowed under OCGA § 42-8-34.1 (b). As explained below, we find that the trial court acted within its discretion, and we affirm.

Glover pled guilty in 1989 to multiple counts of child molestation and related charges stemming from his repeated sexual abuse of a minor under 14 years of age. Glover was sentenced to thirty years, with seven years to be served in prison and the remainder to be probated. In addition to general conditions of probation, the trial court imposed seven special conditions of probation, including two condi-

tions limiting Glover's contact with minor children and one condition requiring Glover to attend counseling for sexual deviancy. Glover was released from prison in 1996 after serving seven years. In 1997, Glover was arrested for making contact with a four-year-old girl at church, in violation of the conditions of his probation. The Department of Corrections filed a petition to modify or revoke Glover's probation, charging him with violating the special conditions of his probation restricting contact with minors, as well as several of the general conditions.

Following a hearing, the trial court found that Glover had violated three of the special conditions of his probation by making direct contact with a minor, engaging in volunteer work that brought him into contact with a minor, and failing to attend counseling.[1] The trial court revoked Glover's original sentence and ordered him to serve ten years, with the balance of his original sentence to be probated.

Glover filed a motion to vacate his sentence, arguing that under OCGA § 42-8-34.1 (b) the trial court was only authorized to revoke a maximum of two years of his probation. The trial court denied Glover's motion, and we granted his application for discretionary appeal. On appeal, Glover challenges only the length of his sentence, not the revocation itself.

1. OCGA § 42-8-34.1 governs the length of detention permitted on a probation revocation. *Lawrence v. State*, 228 Ga. App. 745, 747 (492 SE2d 727) (1997). Upon proof that the defendant has violated any provision of his probation "other than by commission of a new felony offense," the trial court "may revoke the balance of probation or not more than two years in confinement, whichever is less." OCGA § 42-8-34.1 (b). If, however, the defendant has violated his probation by

> the commission of a felony offense *or the violation of a special condition imposed pursuant to this Code section,* notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

(Emphasis supplied.) OCGA § 42-8-34.1 (c). Although the trial court found that Glover violated the special conditions of his probation, Glover contends that OCGA § 42-8-34.1 (c) does not apply here because these special conditions were not "imposed pursuant to"

---

[1] The trial court also found that Glover violated three general conditions of his probation by failing to report to his probation officer, moving without notifying his probation officer, and failing to work faithfully at suitable employment.

OCGA § 42-8-34.1. Thus, Glover argues that the applicable section is OCGA § 42-8-34.1 (b), which limits Glover's detention to two years.

There is scant authority interpreting OCGA § 42-8-34.1 (c)'s reference to "a special condition *imposed pursuant to this Code section.*" The Supreme Court of Georgia first addressed § 42-8-34.1 (c) in *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996), which involved a probation revocation based on the defendant's violation of a special condition of probation. The defendant originally was sentenced to five years of probation on a theft conviction and ten years of probation on a drug conviction, but his probation was "thereafter modified and he was remanded to a detention center by an order that set forth as a 'Special Condition of his probation,'" the requirement that he obey all rules of the detention center. Id. at 168. The defendant's probation was thereafter revoked based on his violation of four disciplinary rules at the detention center, none of which involved the commission of a felony. The trial court ordered the defendant to serve the remaining time on his sentence for theft in prison, plus five years of his sentence for drug possession, with the balance of the drug sentence to be served on probation.

The Supreme Court ruled that the defendant's disciplinary infractions "constitute[d] a 'violation of a special condition' of his probation," and thus OCGA § 42-8-34.1 (c) authorized the trial court to revoke up to the balance of the defendant's probation. Id. at 169 (1). The Supreme Court did not address the effect of § 42-8-34.1 (c)'s requirement that a special condition be "imposed pursuant to this Code section" and did not discuss whether the special conditions at issue in *Gearinger* were, in fact, "imposed pursuant to" OCGA § 42-8-34.1. Rather, the Supreme Court broadly stated, without qualification, that "where . . . the violation of probation results solely from infraction of *a special condition* and not from commission of a felony offense," the trial court may revoke up to the balance of the defendant's probation. (Emphasis supplied.) Id. at 170.

The Supreme Court next construed OCGA § 42-8-34.1 (c) in *Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996), in which the defendant's probation was revoked because he committed a felony *and* violated a special condition of his probation by failing to pay court-imposed fines. Under those circumstances, the Supreme Court held that § 42-8-34.1 (c) authorized the trial court to revoke the balance of the defendant's probated sentence (twenty-three years), rather than the maximum sentence for his felony (ten years). Id. at 859 (2). In reaching this result, the Supreme Court restated its holding in *Gearinger* that "where probation is revoked solely for the violation of a special condition, and not for a felony offense . . . the revocation court is authorized by section 42-8-34.1 (c) to revoke no more than the balance of a defendant's probation." (Punctuation omitted.)

Id. Once again, the Supreme Court ignored § 42-8-34.1 (c)'s qualifying language, "imposed pursuant to this Code section," making no distinction among different types of special conditions.

Thus, in *Gearinger* and *Manville*, the Supreme Court implicitly recognized that the phrase "imposed pursuant to this Code section" is meaningless, as § 42-8-34.1 does not authorize the imposition of any special conditions of probation. Rather, as we recently explained in *Williams v. State*, 234 Ga. App. 37, 38 (505 SE2d 816) (1998), that authority originates elsewhere:

> A trial judge is expressly authorized by OCGA § 17-10-1 (a) to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper. OCGA § 42-8-35 sets forth 12 conditions which may be imposed on probation. This list, however, is not exclusive. A trial court certainly has broad discretion to determine the terms and conditions of probation. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved.

(Citations, punctuation and emphasis omitted.) See also *Staley v. State*, 233 Ga. App. 597, 598 (505 SE2d 491) (1998) (OCGA § 17-10-1 (a) (1) "has been construed to give sentencing judges broad discretion in fashioning appropriate conditions of probation, tailored to the individual defendant's circumstances as well as the interests of society and the victim"); *Penaherrera v. State*, 211 Ga. App. 162, 163 (1) (438 SE2d 661) (1993) ("[a]ny 'reasonable condition' may be imposed"); *Ballenger v. State*, 210 Ga. App. 627, 628 (1) (436 SE2d 793) (1993).

Following the Supreme Court's decisions in *Gearinger* and *Manville*, this Court, in two subsequent cases, has attempted to give meaning to § 42-8-34.1 (c)'s phrase "imposed pursuant to this Code section." See *Lawrence v. State*, 228 Ga. App. 745 (492 SE2d 727) (1997); *Dunlap v. State*, 231 Ga. App. 83 (497 SE2d 640) (1998). In *Lawrence*, the defendant's probation was revoked for the commission of two misdemeanor batteries and failure to pay fines ordered as a special condition of probation. The trial court sentenced the defendant to serve the balance of his sentence, which was four-and-one-half years, based on the commission of the batteries. This Court vacated the sentence on the ground that § 42-8-34.1 (b) allowed the trial court to revoke a maximum of two years of the defendant's sentence for the misdemeanor batteries. However, the Court instructed that, pursuant to § 42-8-34.1 (c), the trial court could revoke the balance of the defendant's sentence based on his nonpayment of fines, because the

payment of fines was a special condition "imposed pursuant to this Code section." Id. The Court apparently based this conclusion on § 42-8-34.1 (d)'s reference to "[t]he payment of restitution or reparation, costs, or fines."

However, § 42-8-34.1 (d) does not authorize the *imposition* of fines as a special condition of probation; it merely states that the court may require any fines "ordered by the court" to be paid in one lump sum or in periodic installments. As noted above, other Code sections provide the statutory authority for imposition of special conditions. In particular, the imposition of fines is specifically authorized by OCGA §§ 17-10-8 and 42-8-34 (e). See *Whitehead v. State*, 207 Ga. App. 891, 892 (2) (429 SE2d 536) (1993); *Todd v. State*, 172 Ga. App. 231 (1) (323 SE2d 6) (1984). Thus, fines are not "imposed" as a special condition of probation "pursuant to" § 42-8-34.1, despite the fact that they are mentioned in that section.

Moreover, *Lawrence* noted without explanation that the special condition at issue in *Gearinger*, the requirement that the defendant comply with the detention center's disciplinary rules, was "not a special condition 'imposed pursuant to [OCGA § 42-8-34.1].' " However, our Supreme Court ruled that § 42-8-34.1 (c) governed in *Gearinger*. Thus, *Lawrence* essentially ruled that *Gearinger* was wrongly decided by the Supreme Court, a determination this Court is not authorized to make.

In *Dunlap*, which is factually similar to this case, the defendant was sentenced to ten years for theft by taking, but the sentence was suspended upon the defendant's payment of a fine and the condition of banishment from the county. Id. at 82. One week later, the defendant violated the banishment condition, and the trial court ordered him confined for ten years. On appeal, the defendant argued that banishment was not a special condition imposed pursuant to OCGA § 42-8-34.1, and thus only two years of his probation could be revoked pursuant to § 42-8-34.1 (b). Citing *Lawrence*, this Court agreed and reversed the trial court's denial of the defendant's motion to vacate his sentence. Id. at 83-84.

*Dunlap* did not follow *Lawrence* exactly, but instead fashioned its own definition of "imposed pursuant to this Code section." *Dunlap* noted that § 42-8-34.1 (b) requires the trial court, at any revocation hearing, to consider "alternative[s] to confinement," including: "community service, intensive probation, diversion centers, probation detention centers, special alternative incarceration, or any other alternative to confinement deemed appropriate by the court or as provided by the state or county." Id. at 83. According to *Dunlap*, any special condition imposed at a revocation hearing, as opposed to a condition imposed as part of the original sentence, is "imposed pursuant to" § 42-8-34.1 (b). However, this attempt to give meaning to the

phrase "imposed pursuant to this Code section" finds no support in the statutory language. Although subsection (b) directs the trial court to consider certain alternatives to incarceration, the authority for imposing such alternatives as special conditions of probation is found in other statutes, and not in subsection (b). See OCGA §§ 42-8-35.1 through 42-8-35.6.

Further, *Dunlap* asserted that the special condition in *Gearinger* was imposed pursuant to § 42-8-34.1 (b) because it was "imposed at the revocation of the defendant's probation," rather than as part of the original sentence. *Dunlap*, supra at 83. *Gearinger* itself, however, states only that the defendant's probation was modified; it does not indicate that the modification occurred at a revocation hearing based on a violation of probation, as required by § 42-8-34.1 (b), or that the special condition was imposed as an "alternative to confinement" pursuant to that subsection. See *Gearinger*, supra at 168.[2] Trial courts have broad authority to modify the terms of probation "in any manner deemed advisable." OCGA § 42-8-34 (g); *Staley*, supra at 599. Hence, we have no basis for assuming that the modification of the defendant's probation in *Gearinger* occurred at a revocation hearing as described in § 42-8-34.1 (b). And, even if it did, we cannot assume that that was the basis for *Gearinger*'s conclusion that § 42-8-34.1 (c) controlled the case — particularly when *Gearinger* completely failed to address the meaning of the phrase "imposed pursuant to this Code section." If, as *Dunlap* suggested, the critical issue is whether the special condition was imposed under the authority of § 42-8-34.1 (b), we believe that the Supreme Court would have included such facts in its analysis.

We are bound by the Supreme Court's decisions in *Gearinger* and *Manville*, which recognized no limitations on the special conditions subject to § 42-8-34.1 (c). It is not the function of this Court to give meaning to language that the Supreme Court has chosen to disregard, or to assume that the two Supreme Court decisions turn on facts not disclosed in that Court's opinions. Accordingly, we overrule *Lawrence* and *Dunlap* to the extent that those cases hold that the phrase "imposed pursuant to this Code section" limits the type of special conditions to which § 42-8-34.1 (c) applies.[3]

---

[2] The special concurrence emphasizes that the defendant in *Gearinger* was "remanded to a detention center" following the modification of his probation. *Gearinger* does not state, however, that this detention center was a *probation* detention center of the sort contemplated by OCGA §§ 42-8-34.1 (b) and 42-8-35.4.

[3] We note that one judge wrote a special concurrence in *Lawrence*. However, the special concurrence specifically states that it agrees with the majority's analysis of the error made by the trial court and disagrees only with the direction to the trial court on remand. *Lawrence*, supra at 748 (Smith, J., concurring specially). To the extent that *Lawrence* constitutes binding precedent on this issue, it must be overruled. See Court of Appeals Rule 33 (a).

OCGA § 42-8-34.1 (c) governs the revocation of Glover's probation for violating three of the special conditions of his probation. The trial court was authorized to revoke up to the balance of Glover's probation (approximately 22 years). See *Gearinger*, supra at 170. In sentencing Glover to ten years incarceration, with the remainder to be served on probation, the trial court acted well within its discretion. Accordingly, we affirm the trial court's denial of Glover's motion to vacate his sentence.

2. The special concurrence notes that OCGA § 42-8-34.1 (b) directs the trial court, in a revocation hearing, to consider the use of certain "alternatives to confinement." We have held that confinement refers to "imprisonment in a jail or penitentiary, which is primarily punitive," and that the "alternatives to confinement" are intended to constitute "suitable responses short of revocation of probation." *Penaherrera*, supra. Under OCGA § 42-8-34.1 (b), "[i]n the event the court determines that defendant does not meet the criteria for said alternatives, the court may revoke the balance of probation or not more than two years in confinement, whichever is less." The special concurrence contends that the trial court determined that Glover *did* meet the criteria for such alternatives to incarceration, and that the two year limitation set forth in subsection (b) therefore did not apply. This contention is misplaced for several reasons.

First, and most important, the revocation order expressly states that "[t]his Court . . . finds that the Defendant does not satisfy the incarceration alternatives." The special concurrence dismisses this express finding by noting that the revocation order was "apparently a form drafted by the district attorney's office." However, we are aware of no authority holding that an order of a court is to be given less effect if it is drafted by a party, which is in fact a common occurrence. Indeed, we have specifically held that "once the findings [in a proposed order drafted by a party are] adopted by the court, they bec[o]me findings of the court." *Williams v. Stepler*, 227 Ga. App. 591, 595-596 (490 SE2d 167) (1997). Accordingly, we see no basis to disregard the trial court's express finding that Glover was not eligible for alternatives to incarceration.

The special concurrence's disregard of the trial court's express finding is based upon its belief that the trial court in fact sentenced Glover to a probation detention center as an alternative to incarceration, and thus must have concluded that Glover was eligible for such alternatives. However, nothing in the trial court's revocation order supports this assertion. Indeed, nowhere in the revocation order is the phrase "probation detention center" even used. Rather, the order states that

it is . . . ORDERED AND ADJUDGED that the probation provisions in [Glover's] original sentence be REVOKED in

accordance with the law, and the Defendant is hereby required to serve 10 years in a Detention Center or such place as the Director of Corrections or the Sheriff of Cobb County shall direct.

The order further provides that Glover's probation will be reinstated upon the completion of the ten-year sentence.

The use of probation detention centers as an alternative to incarceration is authorized by OCGA § 42-8-35.4 (a), which states that "[i]n addition to any other terms and conditions of probation . . . the trial judge may require that a defendant . . . shall complete satisfactorily, as a condition of . . . probation, a program of confinement in a probation detention center." Although the trial court's order included the generic term "detention center" in describing possible places where Glover might be incarcerated, nothing in the order suggests that the trial court was in fact imposing a special condition of probation requiring Glover to serve a period of confinement in a statutory "probation detention center." Indeed, the order did not even require Glover to serve time in any detention center, but ordered that he serve ten years in any place the Director of Corrections or the Cobb County sheriff might select. The fact that Glover was ordered to serve *ten years* of confinement shows that the trial court did not intend to impose a special condition of probation, but intended to require that Glover be incarcerated for an entire decade. See *Pitts v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992) (sentence of incarceration "denotes a continuous period of confinement in a jail or penitentiary uninterrupted by periods of freedom"). Compare *Penaherrera*, supra (90 to 270-day period in probation detention center constitutes alternative to incarceration). Although the special concurrence notes that Glover for a time was held in the Cobb County Adult Detention Facility, it appears that this is simply the county jail where Glover was held after being arrested for the probation violations and pending the revocation hearing. Moreover, there is no indication in the record that the Cobb County Adult Detention Facility is, in fact, a statutory "probation detention center" or that all persons confined there are serving periods of confinement as conditions of probation. Finally, as authorized by the trial court's revocation order, Glover has since been transferred to a state penitentiary, which is undoubtedly a place of incarceration.[4]

---

[4] The special concurrence states that there is no evidence Glover is currently being held in a penitentiary. However, nowhere in its brief does the State contradict Glover's factual statement that he is currently being so incarcerated. Accordingly, pursuant to Court of Appeals Rule 27 (b) (1), "appellant's statement of facts may be acepted by this Court as true." Moreover, on June 30, 1998, the trial court entered an order stating that "[i]t has been represented to the Court that [Glover] is serving a sentence of confinement at the Phillips State

Under all of these circumstances, and especially in light of the trial court's *express* finding that Glover was *not* eligible for any alternatives to incarceration, the revocation order cannot be construed as anything other than an order that Glover be incarcerated for a period of ten years in any place the Director of Corrections or Cobb County sheriff might select. Accordingly, we cannot rely on OCGA § 42-8-34.1 (b) as a basis for upholding the ten-year revocation, but must rely on OCGA § 42-8-34.1 (c) as discussed in Division 1.[5]

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Andrews, P. J., Smith, Barnes, Miller, Ellington and Phipps, JJ., concur. Blackburn, P. J., and Eldridge, J., concur specially.*

BLACKBURN, Presiding Judge, concurring specially.

I concur in the result reached by the majority, but I cannot agree with the analysis therein or the overruling of *Lawrence v. State*, 228 Ga. App. 745 (492 SE2d 727) (1997) or *Dunlap v. State*, 231 Ga. App. 82 (497 SE2d 640) (1998).

The trial court properly sentenced Glover to ten years at a detention center, an authorized alternative option, pursuant to OCGA § 42-8-34.1, for three violations of special conditions of probation pursuant to OCGA § 42-8-34.1.

OCGA § 42-8-34.1 (b) provides:

> At any revocation hearing, upon proof that the defendant has violated any provision of probation or suspension other than by commission of a new felony offense, the court shall consider the use of alternatives to include community service, intensive probation, diversion centers, *probation detention centers*, special alternative incarceration, or *any other alternative to confinement* deemed appropriate by the court or as provided by the state or county. *In the event the court determines that the defendant does not meet the criteria for said alternatives,* the court may revoke the balance of probation or not more than two years in confinement, whichever is less.

(Emphasis supplied.)

In revoking probation, the revocation court used an "alternative to confinement" and revoked ten years of Glover's sentence, to be

---

Prison in Buford, Georgia" and directing that Glover be produced for a hearing.

[5] The special concurrence states that "Glover contends that the court's otherwise proper ten-year revocation is now 'illegal,' because he is no longer serving it in an 'alternative to confinement.'" However, nowhere in his appellate brief does Glover assert that the trial court's ten-year revocation was "otherwise proper" or that it became illegal only upon his transfer to a state correctional facility.

served in a *detention center*: "I'm going to follow the State's recommendation and sentence him to ten years at the detention center." See OCGA § 42-8-34.1 (b). In doing so, the two-year maximum requirement of OCGA § 42-8-34.1 (b) did not apply, because, under the statute, such two-year requirement becomes applicable only "[i]n the event the court determines that the defendant does *not* meet the criteria for said alternatives [to confinement]." (Emphasis supplied.) Id. Accordingly, the court's revocation of ten years to be served in a *detention center* was authorized under OCGA § 42-8-34.1 (b). The majority's discussion regarding the meaning of "imposed pursuant to this Code section" as contained in OCGA § 42-8-34.1 (c) therefore is unnecessary; and no cases need be overruled.

I note that the probation revocation order, which was apparently a form drafted by the district attorney's office, states that the trial court found that Glover did not satisfy incarceration alternatives. This statement on the form order is, however, directly inapposite to the trial court's sentence of Glover to an alternative to confinement, namely a detention center, and Glover's actual delivery to such a center. As such, it is clear that, despite the erroneous language of the order, the trial court did indeed find that Glover satisfied the requirements to be sentenced to an alternative to incarceration, and it sentenced Glover to just such an alternative.

Pursuant to the revocation court's order, Glover was properly sent to the Cobb County Adult Detention Facility. However, Glover alleges that he was subsequently transferred to Phillips Correctional Institution, a state department of corrections (DOC) prison facility. Thus, Glover contends that the court's otherwise proper ten-year revocation sentence is now "illegal," because he is no longer serving it in an "alternative to confinement," and, as such, his revocation should have been for a maximum of two years pursuant to OCGA § 42-8-34.1 (b). He filed the instant "motion to vacate illegal sentence," and the revocation court denied such.

There is nowhere in the record before this Court, any evidence that Glover is, in fact, serving his revocation sentence in a manner other than that ordered by the revocation court, i.e., in an "alternative to confinement."[6] Further, before this Court, there is no transcript of the hearing on Glover's motion to vacate illegal sentence, and the revocation court's order does not indicate a basis for its denial of the motion.

However, as noted above, the court's revocation of ten years to

---

[6] Only Glover, in his brief, has made such statement. However, the Georgia DOC sent a letter to the Clerk of the Cobb County Superior Court stating the DOC was "unable to assume custody of [Glover]," because OCGA § 17-10-1 (a) (3) (A) requires service of this case in a community corrections (probation) facility or in a county jail.

serve in a detention center was not "illegal" under OCGA § 42-8-34.1 (b). The alleged transfer of Glover to a state DOC prison facility would not render an otherwise legal revocation sentence illegal. Assuming Glover was in fact transferred to a DOC prison in contravention of the revocation court's order, such does not render the court's order requiring ten years to be served in a detention center, "an illegal sentence" under OCGA § 42-8-34.1 (b).

Glover also argues that, even if he is serving his revocation sentence in a probation detention center, such center is not an "alternative to confinement," because "there is no difference to a detainee whether he is housed in a prison or a detention center." However, Glover's argument is premised upon the faulty notion that an "alternative to confinement" is based upon a defendant's subjective perceptions thereof.

> The confinement referred to means imprisonment in a jail or penitentiary, which is primarily punitive, rather than the type of confinement described in *Pitts* [*v. State*, 206 Ga. App. 635, 637 (3) (426 SE2d 257) (1992)], where the primary goal is rehabilitation. . . . Georgia law thus authorizes a trial court to condition a defendant's probation on limited confinement in a detention or diversion center or own home. Such does not constitute incarceration, which refers to continuous and uninterrupted custody in a jail or penitentiary.

*Penaherrera v. State*, 211 Ga. App. 162, 163 (438 SE2d 661) (1993). Accordingly, confinement in a probation detention center *is* an alternative to incarceration in prison, even if Glover does not perceive it as such.

The headnote of the 1989 amendment to OCGA § 42-8-34.1 (b) states that such amendment was specifically "to provide for the revocation of the balance of probation or not more than two years thereof, whichever is less, *for violations*." There was no qualification regarding the type of violation as going to either a "special" or "general" condition of probation. Ga. L. 1989, p. 856. Thereafter, in furtherance of its goal, the legislature specifically provided in subsection (b) that "upon proof that the defendant has violated *any provision of probation* . . . other than [the] commission of a new felony offense," the revocation court should consider alternatives to confinement, and if not applicable, "revoke the balance of probation or not more than two years in confinement, whichever is less." Id.

Thus, the majority would have to find as "meaningless" not only the language, "pursuant to this Code section," as contained in OCGA § 42-8-34.1 (c), but also the plain language of subsection (b) requiring a two-year maximum confinement for a violation of *any* condition of

probation, other than a new felony offense. It would be necessary to rewrite both subsections (b) and (c) of OCGA § 42-8-34.1 in order to support the majority's interpretation. Subsections (b) and (c) presently work together in harmony, with no part being "meaningless."

Subsection (b) provides probation revocation guidelines when a court considers (1) alternatives to confinement, *or*, in lieu thereof, (2) confinement for a violation of *any* condition of probation that is nonfelony.

Subsection (c) fills in the gaps by providing alternative, and more severe, revocation guidelines when a trial court considers (1) a violation of a condition of probation by the commission of a felony, *or* (2) a violation of a condition imposed by a revocation court during a prior revocation hearing, i.e., "pursuant to this Code section."

Clearly, when an original probation sentence is revoked for *less* than the balance of probation, as will almost always happen when, pursuant to OCGA § 42-8-34.1 (b), only two years are revoked at a time, a second term of probation, with conditions, may be reinstated by the revocation court for the remainder of the original sentence. Or, when an alternative to confinement is imposed pursuant to OCGA § 42-8-34.1 (b), certain conditions may be imposed thereto by the revocation court and a period of probation, with conditions, reinstated for the remainder of the original sentence. That is what happened in this case — Glover's sentence was revoked for ten years and the balance of the original probation, with conditions, was reinstated by the revocation court.

It is these instances to which the language "imposed pursuant to this Code section" speaks. The only way a condition of probation could be imposed "pursuant to this Code section," a Code section that deals solely with revocation proceedings, is if the condition is imposed during a revocation proceeding. Thereafter, the probationer has already had one bite at the "two-year or alternative to incarceration" apple contained in subsection (b), and is again before the court for a violation of an imposed condition. Then, obviously, the more severe revocation of the balance of probation is warranted under subsection (c).

Further, the majority's distinctions between "special conditions" and "general conditions" of an *original* probation sentence add nothing to the analysis in this case. The legislature has provided that a violation of *any* condition of an original probation, other than the commission of a felony offense, warrants revocation under the guidelines of subsection (b). After a revocation court, pursuant to OCGA § 42-8-34.1 (b), revokes an original term of probation for two years or revokes to an alternative to confinement for a term less than the balance of probation, any condition imposed by the revocation court as a result of the alternative to confinement and/or reinstatement of pro-

bation may be considered as a "special condition imposed pursuant to this Code section."

In *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996), Lee pled nolo contendere to theft by conversion and pled guilty to possession of cocaine and was sentenced to five years probation on the theft charge and ten years probation on the possession charge. Lee's probation was thereafter modified and he was remanded to a *detention center* by an order that set forth as a "Special Condition of his probation," inter alia, that Lee obey "any and all rules, regulations, and policies" of the center. Lee's probation was subsequently revoked on petition for violation of the special conditions, and he was ordered to serve *in jail* the remainder of his sentence on the theft charge and the next five years of his sentence on the possession charge, with the balance of the time remaining on the latter sentence to be served on probation. Our Supreme Court affirmed the revocation court's order, reversing the ruling of the habeas court. The Supreme Court held that the subject revocation comported with OCGA § 42-8-34.1 (c), and that where a revocation results from a violation of a special condition, and not for a felony offense, the revocation court need not determine the lesser of the remaining probated sentence or the maximum penalty for the felony committed. It stated that the revocation court is authorized under such circumstances to revoke no more than the balance of a defendant's probation.

OCGA § 42-8-34.1 (c) provides:

> If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense or the violation of a special condition imposed pursuant to this Code section, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.

*Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996), unlike *Gearinger*, involved both the violation of a special condition and the commission of a felony. The Supreme Court held that the revocation court could deal with the probationer as having either violated a special condition or committed a felony, under OCGA § 42-8-34.1 (c).

This case does not involve the application of OCGA § 42-8-34.1 (c), but rather OCGA § 42-8-34.1 (b).

*Lawrence*, supra, involved a violation of a special condition of probation imposed pursuant to OCGA § 42-8-34.1 (d), and thus no two-year limit applied. This subsection states:

> The payment of restitution or reparation, costs, or fines ordered by the court may be payable in one lump sum or in periodic payments, as determined by the court after consideration of all the facts and circumstances of the case and of the defendant's ability to pay. Such payments shall, in the discretion of the sentencing judge, be made either to the clerk of the sentencing court or, if the sentencing court is a probate court, state court, or superior court, to the probation office serving said court.

The majority argues that, although fines may be *ordered* by a court pursuant to OCGA § 42-8-34.1 (d), fines cannot be *imposed* by that same section. I cannot agree with this position, as it fails to appreciate the mandate of OCGA § 42-8-34.1 (b) which, as discussed above, allows a court, at any revocation hearing, to impose alternatives to confinement it deems appropriate. The use of fines would fall under this rubric, as would other special conditions of probation. OCGA § 42-8-34.1 does allow the imposition of fines or other special conditions of probation.

In *Dunlap*, supra, the defendant violated a special condition of probation requiring his banishment from certain areas which had not been imposed at a revocation hearing, and no new felony offense was involved. Thus, that condition had not been imposed pursuant to OCGA § 42-8-34.1, and only two years of his probation could be revoked.

For the above reasons, I disagree with the analysis of the majority, and see no basis to overrule the cited cases.

I am authorized to state that Judge Eldridge joins in this opinion.

DECIDED JULY 16, 1999

*Dennis C. O'Brien*, for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Nancy I. Jordan, Bruce D. Hornbuckle, Assistant District Attorneys*, for appellee.